| ¿PER CURIAM.
This matter is before us on an application for supervisory writs wherein relator, Thomas J. Ward, seeks review of the Board of Ethics’ refusal to grant him an appeal. We find no error and, therefore, we deny the writ.

FACTS AND PROCEDURAL HISTORY

On June 25, 2001, relator submitted a sworn complaint to the Board. According to the Board’s opposition to the writ, it voted to conduct a confidential investigation of the matter complained of. The Board later decided at its April 11, 2002 meeting not to take any action as to this matter and to close the file.
Relator timely filed an application for appeal. Relator referred to this Court’s action in Ciolino v. Louisiana Board of Ethics, 2001CW1599, September 10, 2001. The Board denied relator’s application for appeal and refused to set a return date. Relator seeks a writ of mandamus from this Court ordering the Board of Ethics to grant his application for appeal and to set a return date.
The Board filed a motion to strike and exclude from this writ application references to Ciolino, relying on Uniform Rules, Courts of Appeal, Rule 2-16.3. The Board points out that on May 23, 2002, this Court issued an order marking the action in Ciol-ino “Not Designated for Publication.” The Board has also filed a motion to seal the record because the case which relator seeks to appeal is confidential and the Board wants to maintain the confidentiality of its investigation, as required by La. R.S. 18:1511.8A. This Court will grant the Board’s motions pursuant to Rule 2-16.3 and La. R.S. 18:1511.8A, respectively.
DISCUSSION
We agree with the Board’s contention that its decision to close the file is not an appealable decision.
Louisiana Revised Statutes 42:1142 states, in pertinent part:
|3A- Whenever action is taken against any public servant or person by the board or panel or by an agency head by order of the board or panel, or whenever any public servant or person is aggrieved by any action taken by the board or panel, he may appeal therefrom to the Court of Appeal, First Circuit, if application to the board is made within thirty days añer the decision of the board becomes final. Any advisory opinion issued to any person or governmental entity by the board or panel or any preliminary, procedural, or intermediate action or ruling by the board or panel is subject to the supervisory jurisdiction of the appellate court as provided by Article V, Section 10 of the Constitution of Louisiana. The Court of Appeal, First Circuit, shall promulgate rules of procedure to be followed in taking and lodging such appeals.
(emphasis added).
Article 10 § 21 of the Louisiana Constitution states:
The legislature shall enact a code of ethics for all officials and employees of the state and its political subdivisions. The code shall be administered by one *319 or more boards created by the legislature with qualifications, terms of office, duties, and powers provided by law. Decisions of a board shall be appeal-able, and the legislature shall provide the method of appeal.
(emphasis added)
Louisiana Revised Statutes 18:1511.2A authorizes the Board to adopt rules and regulations to effectuate the provisions of the Campaign Finance Disclosure Act (CFDA). La. R.S. 18:1511.4 permits the Board to investigate any apparent or alleged violation of the CFDA, and La. R.S. 18:1511.5A permits the Board to file civil proceedings when the results of the investigation indicate that á violation of the Chapter has occurred. La. R.S. 18:1511.6A permits the Board to refer the matter to a district attorney when the results of the investigation indicate that a knowing, willful, or fraudulent violation of the Chapter has occurred. The Constitution and the Code do not require the Board to hold a public hearing with respect to potential violations of the CFDA.
The Board acknowledges that the Constitution and Ethics Code do not define “decision.” In Duplantis v. Louisiana Bd. of Ethics, 2000-1750, 2000-1956 (La.3/23/2001), 782 So.2d 582, the supreme court considered four factors in holding that advisory opinions rendered by the Board are not appealable decisions within the meaning of the Constitutional provision allowing appellate |4review of Board decisions: (1) courts may review only matters which are justiciable, not hypothetical, moot or abstract questions of law, (2) the applicant seeking an advisory opinion is not adverse to the Board, (3) there is no record of the proceedings below for an appellate court to review as there is no hearing, no evidence, and no testimony and (4) the Constitution intended an appeal on the merits of a charged violation of the Code.
This matter was resolved on the basis of a private confidential investigation that did not result in the issuance of charges against anyone. .According to the Board, no charges were filed, no notice was given, no hearing was held, and no record was created. Therefore, there is no charged violation which could be the subject of an appeal. on the merits. The Board also points out that La. R.S. 18:1511.8A provides that the complaint and all investigations and proceedings shall be kept strictly confidential until such time that action with which the supervisory committee or the district attorney has proceeded. Thus, both the third and fourth factors set forth in Dwplantis are present, and, as in Du-plantis, we conclude that this matter also does not involve an appealable decision.

CONCLUSION

A decision to close the file and not to. act on a complaint is not an appealable decision. Therefore, this writ is denied.
WRIT DENIED.
MOTION TO STRIKE GRANTED. MOTION TO SEAL GRANTED.